UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BERNADINE D. SOILEAU | CIVIL ACTION NO. 6:19-cv-00537 |
| VERSUS | JUDGE JUNEAU |
| MIDSOUTH BANCORP, INC., ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Before the court is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which was filed on behalf of defendant Midsouth Bank, N.A. (Rec. Doc. 71). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that Midsouth's motion should be denied.

## Factual Background

The plaintiff, Bernadine D. Soileau, filed this lawsuit, individually and in her capacity as the executrix of the estate of her late husband, John Soileau, after an unidentified person used unauthorized electronic fund transfers to deplete the Soileaus' checking account at Midsouth Bank. Mrs. Soileau alleged that over a million dollars in unauthorized electronic fund transfers occurred between

December 14, 2016 and August 11, 2017 and that further unauthorized transfers occurred thereafter, even after a new checking account had been opened.

With greater particularity, Mrs. Soileau alleged that neither she nor Mr. Soileau received any bank statements between December 2016 and August 2017, but were told that the statements had been sent to an old business address in Houston, and therefore had no reason to believe any improper activity had occurred. She further alleged that she was over seventy and Mr. Soileau was over eighty at the time of the unauthorized transfers. She claimed that they were both in poor health with reduced mental capacity, forcing them to rely on family members and hired staff for assistance with daily affairs. Mr. Soileau's health continued to deteriorate, and he died in December 2017.

The Soileaus allegedly learned about the unauthorized fund transfers in August 2017, and Mrs. Soileau alleged that they immediately brought the unauthorized transactions to Midsouth's attention. Mr. and Mrs. Soileau met with Midsouth representatives on August 7, 2017 to review the transfers over the previous ninety days, and they identified the unauthorized transfers. The plaintiffs alleged, however, that Midsouth did not investigate the unauthorized transfers after the meeting and has not reimbursed them for their losses.

A second meeting between Mr. and Mrs. Soileau and bank representatives was held on August 11, 2017, at which time additional unauthorized transfers were

identified, and Midsouth advised that the Soileaus should close their account and report the unauthorized transfers to the police. Although they did so, Mrs. Soileau alleged that Midsouth did not investigate the unauthorized transfers after the second meeting and has not reimbursed her for her losses. Furthermore, within weeks after the second meeting, additional funds were transferred out of the Soileaus' new account without their authorization.

Two prior motions to dismiss have already been resolved, and Midsouth now seeks to have the claims set forth in the plaintiff's fifth supplemental and amended complaint dismissed for failure to state a claim on which relief can be granted. The motion is opposed.

## Law and Argument

### A. The Standard for Analyzing a Rule 12(b)(6) Motion

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] Such motions are viewed with disfavor and rarely granted.[2] When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013); *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

thereto,[3] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[4]  However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[5] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[6]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] The allegations must be sufficient "to raise a right to relief above the speculative level,"[8] and "the pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[9] "While a complaint. . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

[3]   *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[4]   *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[5]   *Collins v. Morgan Stanley*, 224 F.3d at 498.

[6]   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[7]   *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[8]   *Bell Atlantic v. Twombly*, 550 U.S. at 555.

[9]   *Bell Atlantic v. Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

recitation of the elements of a cause of action will not do."[10] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[11]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] "[D]etermining whether a complaint states a plausible claim. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[14]

## B. The Allegations of the Fifth Supplemental and Amended Complaint State a Plausible Claim

The plaintiff's fifth supplemental and amended complaint revised Paragraph 33A of the previous complaint by listing five additional ways in which she claims

---

[10] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). See, also, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[13] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[14] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556).

the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*. was violated, based on the requirements of 15 U.S.C. § 1693f. That statute imposes an obligation on bank customers, requiring them to notify the bank, not more than sixty days after the issuance of an account statement containing an error, identifying the account and describing the nature and amount of the error. In support of its motion to dismiss, the bank argued that the suit should be dismissed because the plaintiff did not allege sufficient facts to show that she complied with Section 1693f's notification obligations (Rec. Doc. 71-1 at 9) and more specifically argued that the complaint should be dismissed because the plaintiff failed "to identify any specific transactions, or transaction dates or amounts which they claim as 'errors'" (Rec. Doc. 71-1 at 10). This Court finds, to the contrary, that the facts alleged by Mrs. Soileau are sufficient to state a plausible claim under Section 1693f.

In her third amended and restated petition, Mrs. Soileau alleged that in August 2017, she and her late husband became aware of unauthorized electronic transfers from their checking account and "immediately brought them to MidSouth's attention." (Rec. Doc. 1-4 at 2). In her fourth amended and restated complaint, the plaintiff again alleged that, upon discovery of the unauthorized electronic transfers from the checking account, they "immediately brought them to MidSouth's attention." (Rec. Doc. 24 at 3-4). She further alleged that she and her late husband met with bank representatives on two occasions in August 2017. She specifically

alleged that, at the meeting on August 7, 2017, she, her late husband, and a bank representative "went over all transfers" from the checking account for the previous ninety days, and she expressly alleged that she and her late husband identified the unauthorized electronic fund transfers. (Rec. Doc. 24 at 4). Mrs. Soileau also alleged that at the meeting on August 11, 2017, she, her late husband, and a bank representative again "looked at earlier unauthorized transfers and delved deeper into the specifics of the electronic fund transfers from the checking account and discovered additional unauthorized electronic fund transfers." (Rec. Doc. 24 at 4). She also expressly alleged that at the two meetings, she and her late husband reported to the bank the unauthorized electronic fund transfers shown on the June 2017 statement and those shown on the July 2017 statement. (Rec. Doc 24 at 6). Additionally, she alleged that she and her late husband discussed with the bank representative all unauthorized electronic fund transfers between July 17, 2017 and August 10, 2017. (Rec. Doc. 24 at 7).

While it is true that Mrs. Soileau did not set forth in her complaint the dates and amounts of each of the fund transfers that she contends were unauthorized, her complaint is clear that she did provide that information to the bank in August 2017. Whether the notice to the bank was sufficient or timely as to each and every transaction that the plaintiff might ultimately identify at a trial on the merits is not the issue now before the court because that goes to the merits of the plaintiff's claim.

7

What is now before the court is the issue of whether the factual allegations set forth in the plaintiff's original and amended complaints, considered collectively and as most recently amended, state a plausible claim under 15 U.S.C. § 1693f. This Court finds that the plaintiff alleged that she gave all of the information required by Section 1693f to the bank as soon as she became aware of the unauthorized transactions. Therefore, the allegations set forth in her complaint state a plausible claim for relief under Section 1693f. Accordingly, this Court recommends that the bank's motion should be denied.

## **Conclusion**

For the foregoing reasons, this Court recommends that the defendant's motion to dismiss for failure to state a claim (Rec. Doc. 71) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[15]

Signed at Lafayette, Louisiana, this 3rd day of February 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[15] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).